FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 28 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALACHI CAMPBELL,

      Plaintiff,

  -against-

ARMOR CORRECTIONAL HEALTH SERVICE,
INC., MRS. HUNT, COUNTY OF NASSAU, and
SHERIFF MICHAEL J. SPOSATO,

      Defendants.
----------------------------------------------------------------X

ORDER
14-CV-7143 (JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke, advising the Court to grant the defendants' motion to dismiss and to grant plaintiff leave to replead. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated January 7, 2016, at 14.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and dismisses plaintiff's claims with leave to replead.

  Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and*

Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss the amended complaint is granted. Plaintiff is permitted to file a second amended complaint.

If plaintiff intends to pursue his claims, he may file his second amended complaint within thirty days of this Order. Plaintiff is warned that if he fails to file an amended complaint within thirty days, the Court may dismiss this case with prejudice, without further notice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 28, 2016
Central Islip, New York

2